**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

AWAD DYAB MOHAMED,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General of
the United States,

*Respondent.*

No. 02-2268

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A76-901-354)

Submitted: September 25, 2003

Decided: October 8, 2003

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**COUNSEL**

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Emily Anne Radford, Assistant Director, Daniel E. Goldman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Awad Dyab Mohamed, a native and citizen of Sudan, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of his applications for asylum and withholding of removal. For the reasons discussed below, we deny the petition for review.

In his petition, Mohamed first challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Mohamed fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that Mohamed seeks.

Additionally, we uphold the immigration judge's denial of Mohamed's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). Because Mohamed fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Finally, Mohamed argues that the Board's use of the summary affirmance procedure set out at 8 C.F.R. § 1003.1(e)(4) (2003) was impermissibly retroactive as applied to him. This argument is squarely foreclosed by our recent decision in *Khattak v. Ashcroft*, 332 F.3d 250, 252-53 (4th Cir. 2003) (rejecting a challenge to the Board's summary affirmance procedure on retroactivity grounds and conclud-

ing that "allowing summary opinions in clear cases is nothing more than a procedural change that does not affect substantive rights").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*